UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                                          Case No. 08-80438
                                                                                               Chapter 13
ROBERT HAROLD RASH and
PEGGY MARCHANT RASH,

**MEMORANDUM DECISION**

This Chapter 13 bankruptcy case came before the Court for hearing on May 14, 2008, in Opelika, Alabama. At issue was the Debtors' motion to transfer venue to the Middle District of Georgia and the motion of Elizabeth W. McBride to appear pro hac vice. (Docs. 3, 4). The Debtors were in Court in person and by counsel Elizabeth W. McBride. Objections to the motion to transfer were filed by the Bankruptcy Administrator (Doc. 23), the United States Internal Revenue Service (Doc. 27), and the Alabama Department of Revenue (Doc. 28). For the reasons set forth below, the motion to transfer venue is DENIED, and the motion to appear pro hac is GRANTED.

**I. FACTS**

The Debtors filed a petition in bankruptcy pursuant to Chapter 13 in this Court on April 12, 2008. (Doc. 1). The Debtors own a home and reside in Phenix City, Alabama. Peggy Rash testified that she works in Columbus, Georgia and that it would be more convenient for her to have her case transferred to the Middle District of Georgia so that she would have to take less time off work to attend court. The Court notes that Google Maps indicates that it is approximately 27 miles from Phenix City to Opelika. On the other hand, Phenix City, Alabama

and Columbus, Georgia are contiguous, separated only by the Chattahoochee river, which forms the Alabama-Georgia state line.

## II.  LAW

### A.  Transfer of Venue

The transfer of venue of a case under title 11 is governed by 28 U.S.C. § 1412, which provides that "a district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."  In addition, Bankruptcy Rule 1014(a)(1), provides as follows:

> Cases Filed in Proper District.  If a petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitions, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

As the Debtors reside in Phenix City, Alabama, it appears that venue is proper in the Middle District of Alabama.  28 U.S.C. § 1408(1).  Indeed, the Debtors do not contend that venue here is improper.  Rather, they argue that venue should be changed for their convenience. If follows that the burden is on the Debtors to show, by a preponderance of the evidence, that venue should be transferred.  In re Peachtree Lane Assocs., Ltd., 150 F.3d 788, 792-93 (7th Cir. 1998); In re Commonwealth Oil Refining Co., 596 F.2d 1239, 1247-49 (5th Cir. 1979) (construing former Bankruptcy Rule 116(b)(1)); In re Wilson, 154 B.R. 769 (Bankr. M.D. Ala. 1993); In re Walter, 47 B.R. 240 (Bankr. M.D. Fla. 1985).

The sole ground advanced by the Debtors here was that Mrs. Rash would have to travel farther, by some 25 miles, to court and for that reason take more time off work to make

Case 08-80438    Doc 37    Filed 06/19/08    Entered 06/19/08 15:51:46    Desc Main
Document      Page 2 of 7

appearances in court. In addition, Debtor's counsel has her office in Columbus, Georgia and would also have to travel to court to make appearances. No other reason was advanced by the Debtors.

The Bankruptcy Administrator argues that transfer would by inconvenient to any number of parties and that this inconvenience to the creditors and other interested parties outweighs any benefit to the Debtors. A transferred case imposes administrative burdens on Clerks offices of both the transferring court and the receiving court.[1] Moreover, a transferred Chapter 13 case imposes burdens on the Chapter 13 Trustees in both the transferring and receiving districts.

More substantially, a debtor claims exemptions based upon his state of residence. The trustees become familiar with the exemption laws in their state and are less familiar with the exemption laws in other states. If this case is transferred to Georgia, a Georgia trustee would be called upon to administer a case involving Alabama exemptions. It is also important to note that the Debtor's property is located in Alabama, and their rights in that property are defined by Alabama law, again imposing a burden on the receiving court to interpret the law of another state. As a final matter, Trustees in bankruptcy develop a rough familiarity with the value of property in their district. Out of district transfers destroy this safeguard and increase the possibility that fraud will go undetected.

The Court is unwilling to impose substantial burdens on its Clerk, as well as the Clerk of the receiving Court, and the respective Trustees, where the only offsetting benefit to Debtors and their counsel is a drive of some two dozen miles. If a 25 mile drive were sufficient justification

---

[1] Given electronic filing, the administrative burden involved in transferring a case is less than in the days of paper files.

to transfer venue, it is reasonable to anticipate that several dozen cases a year or more would be kicked from one side of the Chattahoochee river to the other to save debtors only a short drive, imposing substantial administrative costs on the respective courts and trustees, as well as the creditors, and increasing the possibility of undetected fraud.

The Court further notes that the Alabama Department of Revenue has objected to transfer. No doubt it is more convenient to lawyers representing the State of Alabama to appear and litigate in Alabama. It would be anomalous to require representatives of the State of Alabama to travel to Georgia to litigate the propriety of an Alabama tax with an Alabama resident.

The United States has also filed an objection. The Government argues that transfer of this case would impose an additional burden on it. The Internal Revenue Service, while administering the Internal Revenue laws nationwide, is organized geographically. Transferring venue in this case would require the Internal Revenue Service to transfer responsibility for this case to another office imposing an additional administrative burden and perhaps increasing the chances that responsibility for the case would fall through the cracks, resulting in a loss of tax revenues to the fisc.

There is no mechanical test which is to be applied in all cases. Rather, courts look to the facts and circumstances of each case. In general, courts look at proximity of the debtors, creditors, assets, and evidence to the Court. See In re Dunmore Homes, Inc., 380 B.R. 663 (Bankr. S.D.N.Y. 2008) (proximity of trade creditors to Eastern District of California warranted transfer of Chapter 11 case); In re Langston, 291 B.R. 872 (Bankr. N.D. Ala. 2003) (case transferred to statutorily proper venue); In re Enron Corp., 274 B.R. 327 (Bankr. S.D.N.Y. 2002)

(proximity of court to capital markets determinative factor in large corporate reorganization case); In re Campbell, 242 B.R. 740 (Bankr. M.D. Fla. 1999) (costs of administration approximately equal in both districts, transfer denied for failure to carry burden); In re Wilson, 154 B.R. 769 (Bankr. M.D. Ala. 1993) (case transferred due to proximity of debtor, witnesses and business records); In re Jolly, 106 B.R. 299 (Bankr. M.D. Fla. 1989) (costs of administration approximately equal, transfer denied for failure to carry burden).

In the case at bar, transfer of venue would only marginally benefit the Debtors, while imposing unnecessary administrative costs, inconveniencing creditors and both Trustees, and increasing the possibility of an actual injustice due to unfamiliarity of interested persons in Georgia with Alabama law and property values. For these reasons, the Court finds that the Debtors have failed to carry their burden and that venue of this Chapter 13 case will not be transferred.

### B. Admission pro hac vice

Debtors' counsel Elizabeth W. McBride moves for admission pro hac vice. (Doc. 3). McBride is admitted to the bar for the State of Georgia and the United States District Court for the Middle District of Georgia. McBride has appeared in this Court before and is a skillful bankruptcy lawyer. Moreover, she comports herself in a dignified and professional manner.

Admission to practice in this Court is governed by the provisions of Local Bankruptcy Rule 2090-1. That rule incorporates Local Rule 83.1 of the United States District Court for the Middle District of Alabama. Rule 83.1(b) imposes only minimal requirements for admission. Specifically, the motion must be supported by a certificate of good standing from the district in which moving counsel is admitted. It is undisputed that McBride meets the requirements

prescribed by the plain language of the local rule. Accordingly, the Court will grant her motion to appear pro hac in this case.

The Court will nevertheless address an issue raised by the Bankruptcy Administrator in her response. (Doc. 23). The Bankruptcy Administrator has cited three other cases which have been recently filed by McBride in this Court. The Bankruptcy Administrator argues that McBride is sidestepping the requirement of admission to the bar by filing repeated pro hac applications.

Black's Law Dictionary defines the term "pro hac vice" as follows:

> For this occasion or particular purposes. The phrase usu. refers to a lawyer who has not been admitted to practice in a particular jurisdiction but who is admitted there temporarily for the purpose of conducting a particular case.

Black's Law Dictionary 1248 (8th ed. 2004).

The term implies by its definition that it is to be used sparingly. If pro hac admission was used to allow out of state attorneys to maintain a regular presence in courts in this state, the State Bar's ability to supervise lawyers who regularly practice law in this State would be undermined. See In re Reza, (Bankr. S.D. Ohio) (denying motion for admission pro hac where repeated requests had been made). Thus, pro hac admission should not be used by lawyers to maintain a regular presence in a court in which they are not admitted to practice.

### III. CONCLUSION

In general, it is more appropriate for Alabama residents to file in Alabama. Moreover, lawyers who want to practice, on a regular basis, in this Court should gain admittance to the Alabama bar, either by exam or, if applicable, by motion. In other words, if Georgia lawyers

-6-

want to troll on the Alabama side of the Chattahoochee, they should: (1) get admitted to the Alabama bar; and (2) file their cases involving Alabama residents in Alabama.

In this case, the Court finds that the Debtors have failed to carry their burden. Accordingly, the motion to transfer venue will be denied by way of a separate order. McBride's motion for admission pro hac will be granted by way of a separate order. She is cautioned that future motions may be denied unless she can make a showing that she is not attempting to practice law regularly in this Court.

Done this the 19th day of June, 2008.

/s/ William R. Sawyer
United States Bankruptcy Judge